**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BERL McKINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 1372 |
| | ) | |
| vs. | ) | Honorable John Z. Lee |
| | ) | |
| THOMAS DART SHERIFF OF COOK | ) | |
| COUNTY and COOK COUNT, ILLINOIS | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COOK COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT**

**NOW COMES** Defendant COOK COUNTY, ILLINOIS by and through his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through MICHAEL J. SORICH, Assistant State's Attorney, and submits Defendant's Answer to Plaintiff's Complaint states as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a)(2), and 28 U..S.C. §1243.

**ANSWER:** Defendant admits that this is an action brought under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983 and that he jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a (a)(2), and 28 U.S.C. §1343, but denies taking any action in violation of Plaintiff's rights; that he has properly stated a cause of action or is otherwise entitled to the relief that he seeks.

1

2. Plaintiff Berl McKinnie is a disabled resident of the Northern District of Illinois; McKinnie is missing his right leg, and is able to walk by using a prosthetic limb.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the remaining allegation in Paragraph 2.

3. Defendant Thomas Dart is the Sheriff of Cook County, Plaintiff sues Dart in his individual and official capacity.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the remaining allegation in Paragraph 3.

*4.* Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324, F.3d 947 (7th Cir. 2003).

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. Plaintiff has been a pre-trail detainee at the Cook County Jail from November 4, 2012 to the present.

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. Plaintiff entered the Jail with his prosthetic leg.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 6.

7. As part of the intake procedure to the Jail, medical personnel employed by defendant Cook County determined that plaintiff was disabled and required his prosthetic leg in order to walk.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 7.

8. In accordance with the official policies of defendant Dart, a correctional officer made the final decision of where plaintiff would be held in the Jail; these policies vested in a correctional officer the power to decide whether a detainee would be assigned to a housing unit which was handicap accessible (e.g., providing access to shower facilities equipped with grab bars and a shower chair), or to a non-handicap accessible housing unit.

**ANSWER:** Defendant denies the allegations as stated in Paragraph 8.

9. In 2011, defendant Dart learned through a case known as *Phipps v. Sheriff of Cook County*, 07-cv-3889, that the correctional officer in charge of determining housing assignments for wheelchair bound detainees did not consider whether a particular housing assignment provided a reasonable accommodation for the detainee's disability. Dart adopted a revised policy for assignment of wheelchair bound detainees in response to the *Phipps* litigation; Dart failed to adopt an assignment policy for persons, like plaintiff, who are disabled but not wheelchair bound.

**ANSWER:** Defendant admits that *Phipps v. Sheriff of Cook County*, 07-cv-3889 dealt with housing assignments for wheelchair bound detainees, and that there was a subsequent remedial policy adopted in response to the *Phipps* litigation, but Defendant denies the remaining allegations as stated in Paragraph 9.

10. Plaintiff was initially assigned to Division 5 of the Jail; plaintiff made repeated complaints about this placement and he was subsequently assigned to Division 2 of the Jail.

**ANSWER:** Defendant denies the allegations in Paragraph 10.

11. Division 2 of the Jail includes two dormitories which are accessible to persons with ambulatory disabilities. These "handicap accessible dorms" are on the first floor and are equipped with toilet facilities and showers designed for persons with ambulatory disabilities.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 11.

12. As a direct and proximate result of Dart's deliberate indifference and refusal to have adopted a housing assignment policy for disabled persons other than those who are wheelchair bound, plaintiff was assigned to a third floor dorm in Division 2. This housing assignment requires that plaintiff walk up and down stairs to take part in various jail activities and programs, such as eating and receiving prescribed medication.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12.

13. Plaintiff is unable to take part in the jail activity of showering while assigned to the non-handicap accessible housing unit. Plaintiff must remove his prosthetic leg when he showers; the shower in plaintiff's housing unit does not have a shower chair or other device that would allow plaintiff to remain in a stable position while showering.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 13.

14. Plaintiff has complained without success to various correctional officers about his need to be assigned to a housing unit that is handicap accessible.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14.

15. In the last year, at least two detainees who require a prosthetic leg in order to walk have incurred serious personal injuries while assigned to non-handicap accessible housing units in the Cook County Jail. These incidents are at issue in *Whisby v. Dart*, 13-cv-8637 and *Blossom v. Dart*, 13-cv-1178.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 15.

16. Plaintiff is in imminent danger of receiving serious personal injuries because defendants have refused to assign him to a handicap accessible housing unit.

**ANSWER:** Defendant denies the allegation as stated in Paragraph 16.

17. There is no administrative remedy available to plaintiff that is capable of warding off this imminent danger of receiving serious personal injuries.

**ANSWER:** Defendant denies the allegation as stated in Paragraph 17.

18. As a result of the foregoing, plaintiff has been and continues to be deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States, and has been and is being unlawfully discriminated against in violation of § 202 of the Americans with Disabilities Act of 1990 (ADA) and § 504 of the Rehabilitation Act of 1973.

**ANSWER:** Defendant denies the allegation as stated in Paragraph 18.

## AFFIRMATIVE DEFENSES

Defendant offers the following affirmative defenses to Plaintiffs' allegations:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant is entitled to the defense of Qualified Immunity.

2. Plaintiff failed to exhaust the administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. Sec. 1997 (e) (a). *See Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ Michael J. Sorich
Michael J. Sorich
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5170