# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BERL MCKINNIE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 13 C 1372<br>) |
| THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, | ) Judge John Z. Lee<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Berl McKinnie filed a complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a). Plaintiff alleges that Thomas Dart, Sheriff of Cook County, Illinois, and Cook County, Illinois (collectively "Defendants") violated his constitutional and statutory rights by failing to adopt a housing policy for non-wheelchair bound, disabled detainees. Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit and that he has failed to show that he suffered a physical injury. For the reasons stated herein, the Court grants Defendants' motion.

## Factual Background

Berl McKinnie ("McKinnie") was remanded to the Cook County Jail as a pre-trial detainee on November 4, 2012. Defs.' LR 56.1(a)(3) Stmt. ¶ 1. At the Cook County Jail, McKinnie was initially assigned to Division 5. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 4. After two or three weeks, McKinnie was moved to the third floor of Division 2, where he was housed for the remainder of his stay at the jail. *Id*. ¶¶ 5-6.

As part of his daily routine, McKinnie was required to walk from his third-floor cell to the first floor for dinner and to the second floor for his medication. *Id*. ¶¶ 7-8, 10. Because McKinnie previously suffered nerve damage to his left leg and his right leg is fitted with a prosthetic, *id.* ¶¶ 1-2, he would sometimes suffer from leg cramps and could not always walk from the third floor to the first floor for dinner. *Id.* ¶ 9. On those occasions, another detainee would bring the meal tray to the third floor for him. *Id.*

McKinnie also claims the Division 2 shower and toilet were not designed for an inmate with a prosthetic leg. McKinnie had to remove his prosthetic leg prior to showering to protect it from water and states that he would have to jump over a "hump" on one leg in order to reach the shower. *Id*. ¶ 12. Additionally, the shower was not equipped with railings. *Id*. ¶ 13. Without railings, McKinnie claims that showering on one leg could have caused him to cramp and fall. *Id*. Although he never fell, McKinnie claims he suffered a psychological injury because he could not shower. Defs.' LR 56.1(a)(3) Stmt. ¶¶ 19, 21. Finally, McKinnie states that the toilet was too low, causing him pain to get on and off it. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 14.[1]

To address inmate complaints, the Cook County Jail has a grievance procedure that governs the administrative grievance process. Defs.' LR 56.1(a)(3) Stmt. ¶ 24. The grievance procedure was available to all inmates, and McKinnie was familiar with how to file a grievance. *Id*. ¶¶ 5, 24. Instead of filing a grievance to address his concerns about his third-floor cell in Division 2, McKinnie filed the instant lawsuit on February 20, 2013. *Id*. ¶¶ 2, 9-10. After filing the lawsuit, McKinnie filed his first grievance regarding the Division 2 stairs, toilet, and showers in March 2013. *Id*. ¶ 9. McKinnie filed a second grievance addressing the same issues on March

---

[1] Defendants object to Plaintiff's LR 56.1(b)(3)(C) Stmt. ¶ 14, stating that "Plaintiff testified that it was a strain for him to use the commode because of his legs." In the deposition cited by Plaintiff, however, McKinnie states, "so I was, you know, in pain trying to even use the commode, because my legs and stuff." McKinnie Dep. 58:2-3. The Court overrules Defendants' objection.

13, 2013. *Id.* ¶ 28. McKinnie testified that at the end of March, he wrote a request letter to the superintendent because the shower was not handicap accessible. *Id.* ¶ 22. On April 10, 2013, McKinnie received a response to his first grievance and appealed the response on the same date. *Id.* ¶ 27.

## Discussion

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate for cases in which "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmoving party must then set forth specific facts showing there are disputed material facts that must be decided at trial. *Id.* at 321-22.

Defendants argue that Plaintiff failed to exhaust all administrative remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA"). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and "[a]n inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement." *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) (internal citations omitted).

The undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies prior to filing suit. The Cook County Jail had a grievance procedure in place that was

3

available to all detainees, and McKinnie understood how the grievance procedure worked. Defs.' LR 56.1(a)(3) Stmt. ¶¶ 5, 24. Rather than file a grievance to address his concerns regarding the stairs, shower, and toilet, McKinnie chose to sue the Defendants. *Id*. ¶¶ 3, 9-10. Only after McKinnie filed suit did he file a grievance. *Id*. ¶¶ 9-10. Because McKinnie did not exhaust his administrative remedies prior to filing suit, the Court grants Defendants' motion for summary judgment.

In response, Plaintiff contends that Defendants have failed to demonstrate the grievance procedures were capable of providing relief. Plaintiff's first grievance seeking a shower chair was "Referred to Med/Surg." Defs.' LR 56.1(a)(3) Stmt., Ex. 3, Aff. Denise Rossetti 4. Plaintiff argues that "Defendants do not provide any evidence about 'med/surg' and thus fail to show that a referral to 'med/surg' was capable of providing any relief." Pl.'s Opp'n Defs.' Mot. Summ. J. 3-4. This argument is unavailing.

"The Supreme Court has stated that so long as the administrative authority has the ability to take *some* action in response to the complaint (even if not the requested action), an administrative remedy is still 'available' under the PLRA." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2006)). Therefore, Defendants only need to show that the grievance procedure could respond to the complaint by taking some sort of action.

Defendants referred the complaint to "med/surg," and "med/surg" describes the Medicine and Surgery Department within Cermak Health Services. Defs.' 56(e)(1) Stmt., Schoonover Decl. ¶ 8. After a grievance is referred to the Medicine and Surgery Department, the information is given to a divisional physician where the detainee is housed. *Id.*, Schoonover Decl. ¶ 9. The divisional physician can make a recommendation regarding where a detainee should be housed,

taking into account the detainee's medical classification. *Id.*, Schoonover Decl. ¶ 11. The divisional physician can also prescribe the detainee medications and other medical equipment. *Id.*, Schoonover Decl. ¶ 11.

The referral to the Medicine and Surgery Department demonstrates that the administrative authority had the ability to take some action in response to the complaint. For example, a divisional physician reviewing McKinnie's grievance could have recommended that he be moved to another division better suited for an inmate with a prosthetic leg. *Id.*, Schoonover Decl. ¶ 11. Although "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting[,]" Defendants responded to Plaintiff's grievance and Plaintiff does not allege misconduct preventing him from filing a grievance. *Dole*, 438 F.3d at 809 (internal citations omitted). Furthermore, the Seventh Circuit "has taken a strict compliance approach to exhaustion[,]" and a prisoner must exhaust his administrative remedies even if he believes that the process is futile. *Id.*

In the alternative, Plaintiff claims that pre-suit exhaustion was excused. Plaintiff cites *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1173 (7th Cir. 2010), for the proposition "that there is no duty to exhaust, in a situation of imminent danger, if there are no administrative remedies for warding off such a danger." Pl.'s Opp'n Defs.' Mot. Summ. J. 4. Plaintiff then repeats his argument that the Cook County Jail "does not have a grievance procedure capable of providing any remedy for a prisoner's complaint of ADA violations." *Id.* First, Plaintiff has failed to demonstrate that he was in a situation of imminent danger: he complained of the inability to shower and pain from having to use the stairs and the toilet. Second, for the reasons discussed above, Defendants are not required to show that the grievance

procedure could provide the specific relief requested. Instead, Defendants demonstrated that the grievance procedure could take some action by referring McKinnie's complaint to the Medicine and Surgery Department within Cermak Health Services. The Court therefore grants Defendants' motion for summary judgment because Plaintiff failed to exhaust his administrative remedies prior to filing suit.

## Conclusion

For the reasons stated herein, the Court grants Defendants' motion for summary judgment [35]. This is a dismissal without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), but a final order. Civil case terminated.


**SO ORDERED**				ENTER:  8/26/14

									_____
									**JOHN Z. LEE**
									**United States District Judge**